IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, SUBSCRIBING TO POLICY NUMBER
501/NM03ACMB,

   Plaintiff,

vs.                                   No. CIV 04-937 JB/WDS

STEVEN NANCE and L.J. DOLLOFF
ASSOCIATES OF NEW MEXICO, INC.,

   Defendants,

and

STEVEN NANCE,

   Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD's,
LONDON, SUBSCRIBING TO POLICY NUMBER
501/NMB03ACMB,

   Counterdefendant,

L.J. DOLLOFF ASSOCIATES OF NEW MEXICO, INC.,

   Cross Defendant, and

L.J. DOLLOFF ASSOCIATES, INC.,

   Additional Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Additional Party Defendant L.J. Dolloff Associates, Inc.'s Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), filed

April 4, 2006 (Doc. 48).  The primary issue is whether the Court should certify its order granting in part and denying in part Additional Party Defendant L.J. Dolloff Associates, Inc.'s Motion to Dismiss, <u>see</u> Memorandum Opinion and Order, filed August 23, 2006 (Doc. 73)(the "August 23 Order"), to the United States Court of Appeals for the Tenth Circuit for interlocutory appeal. Because the Court concludes that the Court's order does not meet the criteria of 28 U.S.C. §1292(b), the Court will deny the motion to certify the order for immediate appellate review.

## FACTUAL BACKGROUND

The Court recited this case's factual background at pages 2 through 4 of its Memorandum Opinion and Order remanding Nance's declaratory judgment action, Cause No. CIV-05-144 JB/WDS, to the Second State Judicial District Court, filed July 31, 2005.

## PROCEDURAL BACKGROUND

The Court recited this case's full procedural background at pages 2 through 5 of its August 23 Order. A brief recitation of the procedural history pertinent to the resolution of this motion is contained herein.

On August 19, 2004, Lloyd's Underwriters ("Lloyd's") filed a Complaint with this Court seeking declaratory relief against Defendants Steven Nance and L.J. Dolloff Associates of New Mexico ("Dolloff New Mexico"). <u>See</u> Complaint for Declaratory Judgment, filed August 19, 2004 (Doc.1).  Nance filed an Answer, Counterclaim, Crossclaims, and Jury Demand on December 23, 2005. <u>See</u> Steven Nance's Answer, Counterclaims, Crossclaims, and Jury Demand, filed December 23, 2005 (Doc. 30). Nance raised counterclaims against Lloyd's, and crossclaims against L.J. Dolloff Associates, Inc. ("Dolloff New York") and Dolloff New Mexico. Subsequent to filing his Answer, Nance filed a motion requesting that the Court add Dolloff New York as an indispensable party

pursuant to rule 19 of the Federal Rules of Civil Procedure.  See Steven Nance's Motion to Join Indispensable Party and Memorandum in Support Thereof, filed December 23, 2005 (Doc. 29). Lloyd's did not object to the joinder, and the Court granted Nance's request, joining Dolloff New York as an Additional Party Defendant.  See Order, filed December 31, 2005 (Doc. 33).

Dolloff New York filed a motion to dismiss Nance's cross claim on February 8, 2006.  See Defendant L.J. Dolloff Associates, Inc.'s Motion to Dismiss, filed February 8, 2006 (Doc. 39).  In support of this motion, Dollof New York argued that the Court should not exercise jurisdiction over the cross claim against it, and that, as a result of a judgment obtained in New Mexico state court,  res judicata and collateral estoppel barred the cross claim. The Court held a hearing on this motion on March 27, 2006.  At the hearing, the Court indicated that it was inclined to deny Dolloff New York's motion to dismiss, at least in part.  In anticipation of the Court's entering an order to that effect, Dolloff New York filed this motion requesting the Court certify its order for immediate appeal to the Tenth Circuit.  The Court entered an order granting Dolloff New York's motion to dismiss in part, and denying the motion in part, on August 23, 2006.  See August 23 Order.  In its order, the Court ruled that it had subject matter jurisdiction over the controversy, and that neither res judicata nor collateral estoppel barred Nance's cross claim, at least to the extent that it did not attempt to relitigate claims for misrepresentation and bad faith insurance practices, against Dolloff New York.

## LAW REGARDING 28 U.S.C. §1292(b)

Congress has give the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.  The restriction of appellate review to final decisions "prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy."  Eisen v. Carlisle &

Jacquelin, 417 U.S. 156, 170 (1974). The general rule requiring final decisions, however, is supplemented by various prescriptions for appeal from interlocutory rulings. In 1958, Congress enacted 28 U.S.C. § 1292(b), which empowers the district courts to certify certain pivotal and debatable decisions for immediate review:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). The Supreme Court of the United States has understood the procedure established in 28 U.S.C. § 1292(b) to "confer on district courts first line discretion to allow interlocutory appeals." Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995).

## **ANALYSIS**

Dolloff New York argues that the Court's August 23 Order involves a controlling question of law that should be subject to immediate appeal under 28 U.S.C. § 1292(b), and that such an appeal will materially advance the ultimate termination of the litigation between Nance and Dolloff New York. In its brief in support of its motion to certify the order for interlocutory appeal, however, Dolloff New York misinterprets a disagreement over how facts should be applied to settled law as implicating a controlling question of law which should be subject to interlocutory review.

I. **THE COURT'S RULING DOES NO MORE THAN APPLY CONTROLLING STATE LAW TO THE UNDISPUTED FACTS AND IS THEREFORE NOT THE PROPER SUBJECT OF AN INTERLOCUTORY APPEAL.**

A. **THE ORDER DOES NOT IMPLICATE A CONTROLLING ISSUE OF LAW AS TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION.**

In its brief in support of its motion to dismiss Nance's cross claim, Dolloff New York argued that the Court should decline to exercise supplemental jurisdiction over Nance's cross claim, and that claims which Nance unsuccessfully litigated in New Mexico state court are identical to the cross claim Nance is seeking to litigate in this case, and therefore barred by res judicata and collateral estoppel. Its argument in support of this motion to certify the Court's August 23 Order for interlocutory appeal is substantially the same. Although Dolloff New York maintains that the August 23 Order "deviates sharply from a well-established principle in virtually all state and federal courts," Dolloff NewYork's Memorandum of Points and Authorities in Support of Motion for Certification for Interlocutory Appeal, filed April 4, 2006, at 8 (Doc. 49), it has not argued that the Court has misunderstood the law related to supplemental jurisdiction in the federal courts or misstated the elements controlling the application of res judicata and collateral estoppel in New Mexico.

Dolloff New York asserts that the Court's order implicates a purely legal question based upon uncontroverted facts, and it involves a substantial ground for a difference of opinion. The phrase "question of law" as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law, but rather "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). Such questions typically involve law that is unsettled. See Gillespie v. U.S. Steel Corp., 379 U.S. 148, 168 n.4 (1964)(approving district court's denial of certification

when the Supreme Court had previously directly addressed the law in question); 28 U.S.C. § 1292(b) (requiring there be a substantial ground for difference of opinion on the controlling question of law). Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.

Dolloff New York has misunderstood its burden in requesting the certification of an order for immediate appeal under 28 U.S.C. § 1292(b). Dolloff New York has already had an opportunity to argue the factual merits of its contention in support of its motion to dismiss. If the Court applies the law incorrectly, or Dolloff New York continues to disapprove of the Court's application of the law, it may take that up on appeal once Nance's cross claim is finally adjudicated. The Court believes that the principles of supplemental jurisdiction, res judicata, and collateral estoppel applicable to its resolution of Dolloff New York's motion to dismiss are well settled tenets of federal and New Mexico law. Dolloff New York has not clearly argued otherwise. By limiting its argument to a restatement of its position in its motion to dismiss, Dolloff New York has not shown that the Court's order on the motion implicates "a controlling question of law as to which there is a substantial ground for difference of opinion," see 28 U.S.C. § 1292(b), and therefore its contention that immediate review is necessary is not persuasive.

### B. THE CIRCUMSTANCES DO NOT SUGGEST THIS CASE IS APPROPRIATE FOR INTERLOCUTORY APPEAL.

Dolloff New York argues that an immediate appeal of the August 23 Order is appropriate because resolution of the underlying motion to dismiss in its favor will materially advance the litigation. Dolloff New York describes the order denying its motion to dismiss as paradigmatic of

an interlocutory order that should be subject to immediate appeal under 28 U.S.C. §1292(b), because if the Tenth Circuit reversed this order, it would be dispositive of Nance's entire cross claim against Dolloff New York. Conversely, if the Order is not reversed, Dolloff New York contends that the parties will have to ask for a continuance of the trial, do extensive discovery, prepare for a trial, and present evidence on an issue that the state court has already decided.

Dolloff New York argues that, before burdening the Court's resources and compelling the parties' to spend unnecessary time and money, the Court should permit the parties to present the matter, which it describes as a purely legal one, to the Tenth Circuit to get a dispositive ruling. By asserting this position, Dolloff New York misinterprets the nature of the essential issues in dispute. Irrespective whether the resolution of a particular question will materially advance the litigation, only questions of law are appropriate for interlocutory review. See Harrison Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991)(holding district court's denial of summary judgment on grounds that genuine issues of material fact remain to be tried was not immediately appealable). As the Court has already discussed, although Dolloff New York has challenged the Court's application of the law, no question of what the controlling law is remains. The questions in dispute are purely factual and are not properly certifiable.

### C. THE ISSUE DECIDED DOES NOT MAKE IMMEDIATE APPEAL NECESSARY OR DESIRABLE.

As an addendum to its argument on 28 U.S.C. § 1292(b), Dolloff New York suggests that the Court's order has the effect of virtually eliminating the doctrine of res judicata as it applies to claims of vicarious liability. Dolloff New York maintains that, even if a principal party alleged to be vicariously liable for the tort or wrongdoing of another obtains a final judgment that it is not so

liable, if a judgment– by default or otherwise– is obtained against its putative agent, the party will again be subject to an identical claim based on identical facts. Dolloff New York maintains this result is inconsistent with the doctrine of res judicata, which is designed to prevent, not encourage, multiple litigation and the re-assertion of claims already decided.

The Court's order states that Nance "may not relitigate the misrepresentation and bad faith claims brought in [the state court action], nor attempt to sidestep the state court's ruling under theories such as contribution or indemnification which would cause Dolloff New York to relitigate its liability under the claims for misrepresentation or bad faith." August 23 Order at 22. Although the Court has denied Dolloff New York's motion to dismiss in so far as Nance is requesting a declaration that Dolloff New York and Dolloff New Mexico are a single, indistinguishable legal entity, and therefore Dolloff New York may be responsible for Dolloff New Mexico's legal liabilities, its August 23 Order does not permit Nance to bring a claim against Dolloff New York under a theory of vicarious liability. Hence, Dolloff New York's fears are not consistent with the Court's ruling.

### III.   THE COURT WILL NOT STAY THE ACTION.

Because the Court will not certify its order denying Dolloff New York's motion to dismiss Nance's cross-complaint for interlocutory appeal pursuant to 28 U.S.C. §1292(b), it is not necessary to stay the proceedings pending the Tenth Circuit's review of the matter.

**IT IS ORDERED** that Defendant L.J. Dolloff Associates, Inc.'s Motion to Certify Order for Interlocutory Appeal under 28 U.S.C. §1292(b) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nelson Franse
Lisa Chavez Ortega
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Plaintiff Certain Underwriters at Lloyd's London*

L. Edward Glass
David G. Reynolds
Carter Law Firm
Albuquerque, New Mexico

    *Attorneys for Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff Steven Nance*

Pete V. Domenici, Jr.
Jeanne Cameron Washburn
Domenici Law Firm, P.C.
Albuquerque, New Mexico

– and –

Alan R. Jampol
Jampol, Zimet, Skane & Wilcox, LLP
Los Angeles, California

    *Attorneys for Defendant L.J. Dolloff Associates, Inc.*