IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, SUBSCRIBING TO POLICY NUMBER
501/NM03ACMB,

        Plaintiff,

vs.                                                                                                                                            No. CIV 04-937 JB/RLP

STEVEN NANCE and L.J. DOLLOFF
ASSOCIATES OF NEW MEXICO, INC.,
a New Mexico Corporation,

        Defendants,

and

STEVEN NANCE,

        Counterplaintiff, Crossplaintiff,
        and Additional Party Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD's,
LONDON, SUBSCRIBING TO POLICY NUMBER
501/NMB03ACMB,

        Counterdefendant,

L.J. DOLLOFF ASSOCIATES OF NEW MEXICO, INC.,

        Cross Defendant, and

L.J. DOLLOFF ASSOCIATES, INC.,

        Additional Party Defendant.

## **MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel Nance to

Provide Complete Answers to Interrogatories, filed May 15, 2006 (Doc. 56)("Motion to Compel"). The Court held a hearing on this motion on August 24, 2006. The primary issue is whether the Court should compel Defendant Steven Nance to supplement his answers to interrogatories that Plaintiff Certain Underwriters at Lloyds of London, Subscribing to Policy Number 501/NB03ACMD ("Underwriters") served on him in this lawsuit. Because Nance has agreed to supplement his answers to interrogatories and provide more complete responses, the Court will deny the motion without prejudice subject to Underwriters renewing their motion if they conclude Nance's supplemented answers remain incomplete.

## FACTUAL BACKGROUND

In July 1998, Nance sued Fighting Back Training Institute, Inc. ("Fighting Back"), a karate school in Albuquerque, in New Mexico state court for damages resulting from an injury Nance suffered on January 20, 1998 while a student at the school. Nance obtained a default judgment against Fighting Back and two individuals in the amount of $751,022.00. Fighting Back ceased doing business, and Nance obtained an assignment of all rights Fighting Back had against all other parties for indemnification, contribution, or other theories of liability related to Nance's injury.

Based upon that assignment, Nance has filed numerous lawsuits attempting – unsuccessfully thus far – to recover the amount awarded in the state court's default judgment. Among the targets of Nance's claims are L.J. Dolloff Associates, Inc. ("Dolloff New York"), Fighting Back's insurance broker, Dolloff New Mexico, a subsidiary of Dolloff New York ("Dolloff New Mexico") that did business in Bernalillo County, New Mexico, and Dolloff New York's professional liability insurers, Underwriters.

      1.      **<u>Nance - State I.</u>**

In May 2003, Nance initiated his first attempt to collect the proceeds of the judgment against Fighting Back, suing Dolloff New Mexico and Dolloff New York in New Mexico state district court. <u>See</u> <u>Nance v. L.J. Dolloff Assocs. of N.M., Inc.</u>, No. CV-03-03133 (N.M. Second Jud. Dist. 2003)("<u>Nance - State I</u>"). Nance alleged negligent misrepresentation, unfair insurance practices, and bad faith. Nance alleged that Dolloff New York at all times directed and controlled the activities of Dolloff New Mexico, and that Dolloff New Mexico was the alter ego of and/or the agent of Dolloff New York.

Dolloff New Mexico failed to appear and, in August 2003, the trial court entered default judgment against it on the issue of liability. The trial court entered a judgment for damages totaling $1,043,286.24 against Dolloff New Mexico on April 27, 2004. Alleging that the suit was barred on statute of limitations grounds, Dolloff New York filed for summary judgment, which the trial court granted after a hearing on the motion. Nance then moved for reconsideration on grounds that fraudulent concealment on the part of Dolloff New York had tolled the statute of limitations. The trial court denied that motion.

In its defense to Nance's action in <u>Nance - State I</u>, Dolloff New York declined to address the nature of its relationship with Dolloff New Mexico. Dolloff New York characterized that relationship as "immaterial" and indicated that its motion for summary judgment was "limited to the effect of the statute of limitations." <u>Nance - State I</u>, Dolloff New York's Reply to Plaintiff's Response to Motion for Summary Judgment on Statute of Limitations, at 5.

Nance appealed the trial court's decisions to grant summary judgment and deny his motion for reconsideration to the New Mexico Court of Appeals. <u>See</u> <u>Nance v. L.J. Dolloff Assocs., Inc.</u>,

2006-NMCA-012, 126 P.3d 1215. In an opinion issued on December 6, 2005, the New Mexico Court of Appeals concluded that the statute of limitations had run on Nance's claims and affirmed the trial court's grant of summary judgment. With regard to its relationship with Dolloff New Mexico, Dolloff New York assumed on appeal it was the alter ego of Dolloff New Mexico. See Nance v. L.J. Dolloff Assocs., Inc., 2006-NMCA-012, ¶ 10, 126 P.3d at 1218 ("We note at the outset that Dolloff New York . . . assumes for purposes of this appeal that Dolloff New Mexico was the alter ego of Dolloff New York.").

### 2. Nance - State II.

On January 3, 2005, Nance filed a complaint for declaratory judgment in New Mexico state court. See Nance v. Certain Underwriters at Lloyds of London, CIV-05-00014 (N.M. Second Jud. Dist. 2005)("Nance - State II"). Nance sought a declaration that Dolloff New York was responsible for the judgment against Dolloff New Mexico and that Underwriters had an obligation to indemnify Dolloff New Mexico and Dolloff New York.

Underwriters filed a notice of removal and removed Nance - State II to the United States District Court for the District of New Mexico on February 9, 2005. See Nance v. Certain Underwriters at Lloyds, London, CV-05-144 JB/WDS (D.N.M 2005)("Nance - Federal I"). On July 31, 2005, the Court remanded Nance - Federal I to the Second State Judicial District Court, concluding that there was not complete diversity of citizenship between the parties. See Nance - Federal I, Memorandum Opinion and Order, filed July 31, 2005 (Doc. 14). After the Court remanded Nance - State II/Nance Federal I to the Second State Judicial District, the state court consolidated Nance -State I with Nance - State II, and stayed the consolidated case pending the Court's resolution

of this case.[1]

## PROCEDURAL BACKGROUND

After Nance filed for a writ of garnishment against Underwriters in Nance - State I, but before Nance had requested declaratory relief from the state district court in Nance - State II, Underwriters filed a Complaint with this Court seeking a declaration that it did not owe a duty to Nance or to Dolloff New Mexico. See Complaint for Declaratory Judgment, filed Aug. 19, 2004 (Doc. 1)("Lloyd's Complaint"). Specifically, Underwriters requests the Court to declare: (i) that neither Dolloff New Mexico nor Nance is an Assured, and therefore Underwriters have no obligation to indemnify them; and (ii) that, even if Dolloff New Mexico and/or Nance could be considered an Assured, there is no potential for coverage under the applicable insurance policy.

Nance, in turn, has filed a counterclaim against Underwriters in this declaratory judgment action. Nance has alleged that Dolloff New Mexico is an "Assured" under the policy "[b]y virtue of having no separate identify from Dolloff New York, and being only a branch office thereof." Steven Nance's Answer, Counterclaim, Crossclaims, and Jury Demand ¶ 22, at 6, filed December 23, 2005 (Doc. 30). Nance also contends that the judgment against Dolloff New Mexico "was founded upon the negligent acts, errors or omissions committed by a person or persons for whose negligent acts, errors or omissions Dolloff of New York is legally responsible, and is therefore covered under the terms of the Policy." Id. ¶ 21, at 6.

Underwriters served on Nance one set of interrogatories and requests for production. See Motion to Compel, Exhibit A, Steven Nance's Supplemental Answers to Plaintiff Underwriters' First

---

[1] The two cases were consolidated under the case number for Nance - State I, No. CV-03-03133.

Set of Interrogatories ("Nance's Answers"). Underwriters believed that Nance's answers to their original set of interrogatories failed to answer many of the interrogatories, because Nance's responses referenced one answer to many of the pending interrogatories. See Motion to Compel at 1-2. At Underwriters' request, Nance supplemented his answers, but Underwriters continues to believe that the answers do not fully and completely answer their interrogatories. See id. at 2. Pursuant to rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, Underwriters' counsel contacted Nance's counsel and attempted to resolve this discovery dispute before filing this motion to compel. See Motion to Compel, Exhibit C, Letter from Lisa Chavez Ortega to L. Edward Glass and David G. Reynolds (dated May 4, 2006).

### 1. The Generic Answer.

Interrogatory No. 4 asks Nance to "state each and every fact in support of your allegation, as set forth in your counterclaim at paragraph 9, that 'Dolloff of New Mexico was a branch office of Dolloff New York, and was referred to as such on Plaintiff's insurance policies.'" Nance's Answers at 6. Underwriters asked Nance to provide the following details:

a.   the specific time period, identified by day, month and year, in which you claim Dolloff of New Mexico was a branch office of Dolloff of New York;

b.   each and every insurance policy referred to in paragraph 9 of your counterclaim;

c.   each and every document upon which you will rely in support of paragraph 9 of your counterclaim;

d.   each and every witness whom you will call to testify in support of paragraph 9 of your counterclaim.

Id. Among other statements, Nance's Answer to Interrogatory No. 4 stated that the information

-6-

requested "may be gleaned from the documents identified in Nance's Response to Underwriters' Request for Production No. 2." Id.  Nance does not indicate, however, which of the specific documents referenced in Request for Production No. 2 are responsive to the particular subparts of Interrogatory No. 4.  Underwriters acknowledges that Nance's Answer to Interrogatory No. 4 also contains a lengthy summary of deposition testimony on a number of topics, but contends that the overall length of the Answer gives the false impression that the answer is responsive, because the summaries do not substantively respond to the questions raised in the Interrogatory.  See Memorandum Brief in Support of Plaintiff's Motion to Compel Nance to Provide Complete Answers to Interrogatories, at 6-7, filed May 15, 2006 (Doc. 57)("Memorandum to Compel").

### 2. Nance's Answers to Interrogatories.

Nance repeated his Answer to Interrogatory No. 4, in a nearly identical format, as his response to Interrogatory Nos. 5, 6, 7, 8, 9, and 15.  Underwriters contends that all these answers are vague and do no provide a substantive response to the specific questions raised in the various interrogatories.  Underwriters moves the Court to compel Nance to provide complete, accurate answers to interrogatories. See Memorandum to Compel at 11.  Underwriters requests that the Court intervene in this discovery dispute.  See Motion to Compel at 3.  Nance opposes this motion.  See id.

Pursuant to D.N.M. LR-Civ. 37.1, Underwriters attached to its motion copies of Nance's Supplemental Answers to Plaintiff's First Set of Interrogatories and Nance's Response to Plaintiff's First Request for Production No. 2.  Underwriters is not, however, moving to compel the responses to Requests for Production.

## RELEVANT LAW REGARDING DISCOVERY

Discovery under rule 26 of the Federal Rules of Civil Procedure is liberal, allowing parties the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses before trial. See Herbert v. Lando, 441 U.S. 153, 177 (1979)("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). The federal discovery rules are a reflection of courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Rule 37(a)(2)(B) provides that, if a party fails to answer an interrogatory submitted under rule 33, the discovering party may move for an order compelling an answer to the interrogatory. See Fed. R. Civ. P. 33(a)(2)(B). The motion to compel must include a certification that the movant has conferred or attempted to confer with the other party or parties, and made a good faith attempt to resolve the discovery dispute for requesting the court's intervention. See Lafleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003)

## ANALYSIS

Underwriters contends that it carefully and properly tailored production to the counterclaim that he asserts in this lawsuit. See Motion to Compel at 1. Specifically, Underwriters asserts that its interrogatories focus on the allegations of Nance's counterclaim and particularly on the key facts upon which Nance relies in support of each of the allegations that he has made in his counterclaim. See Memorandum to Compel at 3.

Underwriters contends that Nance's refusal to provide important information is in conflict with rule 26, and that, if Nance's answers are allowed to stand, they will improperly hinder Underwriters' attempts to prosecute its claims, and to understand and to evaluate the nature and details of the allegations in Nance's counterclaims. See Motion to Compel at 2.

There can be no dispute that Underwriters is entitled to discover the facts that support Nance's allegations. The Court believes that the generic answer Nance offered to many of the interrogatories is unresponsive to the specific interrogatories and their subparts. The details in the answer do not contain information that is responsive to the specific interrogatories.

At the hearing on this motion, Nance's counsel represented that Nance would supplement his answers and provide Certain Underwriters with more complete responses. See Transcript of Hearing at 6:12-20 (taken August 24, 2006).[2] Nance requested three additional weeks to prepare these answers. See id. at 8:1-5. Certain Underwriters' counsel agreed to this arrangement, subject to Certain Underwriters retaining the authority to bring future disagreements regarding the completeness of Nance's answers before the Court. See id. at 6:21-25. Based on the representations of the parties' counsel, consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the motion without prejudice.

**IT IS ORDERED** that the Plaintiff's Motion to Compel Nance to Provide Complete Answers to Interrogatories is denied without prejudice to Underwriters renewing it if it deems doing so to be appropriate and necessary. Underwriters may renew their request if the parties reach an impasse with regard to the completeness of Nance's answers.

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nelson Franse
Lisa Chavez Ortega
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

– and –

Alan H. Barbanel
Stephen D. Treuer
Barbanel & Treuer, P.C.
Los Angeles, California

 *Attorneys for Plaintiff Certain Underwriters at Lloyd's London*

Richard J. Valle
Carter Law Firm
Albuquerque, New Mexico

 *Attorneys for Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff Steven Nance*

Pete V. Domenici, Jr.
Jeanne Cameron Washburn
Domenici Law Firm, P.C.
Albuquerque, New Mexico

– and –

Alan R. Jampol
Jampol, Zimet, Skane & Wilcox, LLP
Los Angeles, California

 *Attorneys for Defendant L.J. Dolloff Associates, Inc.*