IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

      Plaintiff,

vs.                                                                                No. CIV-04-0937 JB/WDS

STEVEN NANCE AND L.J. DOLLOFF
ASSOCIATES OF NEW MEXICO, INC., a
New Mexico Corporation,

      Defendants.

STEVEN NANCE,

      Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
UNDERWRITERS, LONDON, SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

      Counterdefendant,

L.J. DOLLOFF ASSOCIATES OF NEW MEXICO, INC.,

      Cross Defendant, and

L.J. DOLLOFF ASSOCIATES, INC.,

      Additional Party Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Nance's Motion to Clarify Order Granting in Part and Denying in Part the Motion for Summary Judgment by Plaintiff Certain Underwriters, filed March 20, 2007 (Doc. 129)("Motion for Clarification"). The primary issue is whether the Court

should clarify its March 9, 2007 Memorandum Opinion and Order granting in part and denying in part the motion for summary judgment that Plaintiff Certain Underwriters at Lloyds, London, Subscribing to Policy Number 501/NB03ACMD ("Underwriters") filed to include that Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff Steven Nance can hold Defendant, Crossdefendant, and Additional Party Defendant L.J. Dolloff Associates, Inc. ("Dolloff New York") liable in this action if he proves that Crossdefendant L.J. Dolloff Associates of New Mexico, Inc. ("Dolloff New Mexico") was an agent or subagent of Dolloff New York. Because the Court believes its opinion is sufficiently clear, and because the Court has already ruled that res judicata bars Nance's attempt to cause Dolloff New York to defend itself against liability on claims already decided in state court, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On February 8, 2006, Dolloff New York filed a motion to dismiss alleging that the Court did not have jurisdiction over Nance's state-law cause of action against Dolloff New York and that the doctrines of res judicata and collateral estoppel precluded the relief that Nance sought against Dolloff New York. See Defendant L.J. Dolloff Associates, Inc.'s Motion to Dismiss, filed February 8, 2006 (Doc. 39). The Court filed a Memorandum Opinion and Order granting Dolloff New York's motion in part and denying it in part on August 23, 2006. See Memorandum Opinion and Order, filed August 23, 2006 (Doc. 73)("August 23 Opinion"). In its August 23, 2006 opinion, the Court concluded that it has jurisdiction over Nance's claim or claims against Dolloff New York, but that res judicata limited the scope of the claims that Nance could raise at this point in the proceedings. See id. at 22. The Court held that Nance could "ask the Court to declare Dolloff New York and Dolloff New Mexico a single legal entity," but cautioned that, "[t]o the extent . . . that Nance's

[Crossclaim] re-raises his misrepresentation or bad faith insurance practices claims already decided in Nance - State I, or causes Dolloff New York to defend itself against liability for those same claims, res judicata bars his action and the claims will be dismissed." Id.

On August 23, 2006, Underwriters filed a motion for summary judgment in this case. See Motion for Summary Judgment by Plaintiff Certain Underwriters at Lloyd's, London, filed August 23, 2006 (Doc. 74)("Underwriters' Summary Judgment Motion"). In its motion, Underwriters sought a declaration that: (i) Dolloff New Mexico is not an Assured under the Claims-Made Insurance Policy that Underwriters issued to Dolloff New York; and (ii) even if Dolloff New Mexico is an alter-ego of Dolloff New York, the alter-ego doctrine cannot create coverage for Dolloff New Mexico under the policy. See id. at 2. On October 2, 2006, Nance filed his Response in opposition to Underwriters' summary judgment motion. See Nance's Response to Lloyd's Motion for Summary Judgment, filed October 2, 2006 (Doc. 84)("Nance's Summary Judgment Response"). Nance argued that the Court should deny Underwriters' motion, because it did not seek the dismissal of claims intended to hold Dolloff New York liable for the judgment entered against Dolloff New Mexico, and that "[t]he sole issue to try is whether Dolloff New York is legally responsible for Dolloff New Mexico." Id. at 1, 7.

On March 9, 2007, the Court granted Underwriters' motion for summary judgment in part and denied it in part. See Memorandum Opinion and Order, filed March 9, 2007 (Doc. 124)("Summary Judgment Opinion"). In its Summary Judgment Opinion, the Court entered summary judgment declaring: (i) that Dolloff New Mexico was and is not an "Assured" under the policy; and (ii) that under the alter-ego doctrine, there is no coverage for Dolloff New Mexico under the policy. See id. at 31. The Court denied Underwriters' request for summary judgment in part, however,

because "the broad language in Underwriters' coverage of Dolloff New York," id. at 28, and specifically the policy language that purports to extend coverage to those for whom Dolloff New York is "legally responsible," Complaint for Declaratory Judgment, filed August 19, 2004 (Doc. 1)("Underwriters' Complaint), Exhibit A, Lloyd's Errors and Omissions Application Form and Policy No. 501/NB98ACMD, INSURING AGREEMENTS ¶ 1, at 3 ("Policy"), "may support Nance's position that Underwriters is liable if Dolloff New Mexico is the alter ego of Dolloff New York," Summary Judgment Opinion at 28.

Nance represents that, after reviewing the Court's summary judgment opinion, he is concerned that the Court's opinion does not address his argument that the phrase "by any person for whose negligent acts, errors or omissions the Assured is legally responsible" included in the policy encompasses agents or sub-agents of Dolloff New York. See Motion for Clarification ¶ 3, at 2. Nance moves the Court for a clarification of its opinion indicating that Nance can hold Dolloff New York liable in this action if he proves that Dolloff New Mexico was an agent or subagent of Dolloff New York. See id. ¶ 4, at 2. Underwriters opposes this motion and asserts that the Court has "repeatedly affirmed that the underlying judgment [in Nance v. L.J. Dolloff Assocs. of N.M., Inc., No. D-202-CV-200303133 (N.M. Second Jud. Dist. 2003)("Nance - State I")] bars that type of liability." Opposition of Certain Underwriters at Lloyd's, London, to Nance's Motion for Clarification of Order, filed April 11, 2007 (Doc. 138)("Underwriters' Opposition"). On April 17, 2007, Dolloff New York filed a joinder to Underwriters' opposition. See Joinder by L.J. Dolloff & Associates in Opposition of Certain Underwriters at Lloyd's, London, to Nance's Motion for Clarification of Order, filed April 17, 2007 (Doc. 144).

**ANALYSIS**

Nance expresses his concern that the Court's Summary Judgment Opinion did not address Nance's argument that persons for whose negligent acts Dolloff New York is legally responsible includes agents and sub-agents of Dolloff New York. Nance asks the Court to clarify its opinion to include that he can hold Dolloff New York liable in this action if he proves that Dolloff New Mexico was an agent or subagent of Dolloff New York. Because the Court expressly considered Nance's argument in reaching its decision and constructing its opinion, and because the Court has indicated that Nance may not hold Dolloff New York liable if Dolloff New Mexico was an agent or subagent of Dolloff New York, the Court will not clarify its opinion in the manner that Nance requests and will deny his motion.

**I.     THE COURT ADDRESSED NANCE'S ARGUMENT CONCERNING POTENTIAL COVERAGE FOR PERSONS WHOSE ACTIONS DOLLOFF NEW YORK IS LEGALLY RESPONSIBLE.**

Nance expresses his concern that the Court's Summary Judgment Opinion did "not address the argument by [Nance] that the language in its policy that 'by any person for whose negligent acts, errors or omissions the Assured is legally responsible . . . .' includes agents or sub-agents of Dolloff New York." Motion for Clarification ¶ 3, at 2. Nance is incorrect. Indeed, the Court's consideration of the possibility that there could be coverage under the policy if Dolloff New York was determined to be legally responsible for Dolloff New Mexico was the reason the Court denied in part Underwriters' motion for summary judgment.

> Dolloff New York correctly points out that, unlike Dolloff New Mexico, it has separate issues and rights as an "Assured" under the Policy. See Dolloff New York's Response at 8. In the policy at issue, Underwriters agreed to indemnify Dolloff New York for its negligence and for negligence of "any person for whose negligent acts, errors or omissions the Assured is legally responsible which arise out of the conduct

> of the Assured's professional activities as Insurance Brokers, Insurance Agents or General Insurance Agents." Policy, INSURING AGREEMENTS ¶ 1 at 3. The language of the policy does not restrict coverage to the named assured.
>
> \* \* \* \*
>
> The Court will deny Underwriters' motion to the extent that it seeks to narrow its coverage for Dolloff New York. The broad language in Underwriters' coverage of Dolloff New York may support Nance's position that Underwriters is liable if Dolloff New Mexico is the alter ego of Dolloff New York. The Court cannot say, on the record presently before it, that the default judgment against Dolloff New Mexico did not "arise out of the conduct of [Dolloff New York's] professional activities as Insurance Brokers." Policy, INSURING AGREEMENTS ¶ 1, at 3. If Dolloff New York and Dolloff New Mexico are a single entity, it may be difficult to distinguish how "the judgment against Dolloff New Mexico is based on the conduct of its own professional activities, not those of Dolloff New York." Underwriters' Reply at 11.

Summary Judgment Opinion at 27, 28. Furthermore, the Court noted in its Summary Judgment Opinion that Underwriters' counsel had described the policy language "that provides coverage for others to whom Dolloff New York may be legally responsible [as applicable] to scenarios involving vicarious or derivative liability." Id. at 27-28 (citing Transcript of Hearing at 6:4-7:6 (Barbanel)(taken January 29, 2007)). Without deciding the issue, the Court ruled that, at that point in the proceedings, there were disputed issues of material fact regarding whether Underwriters' policy provided coverage to Dolloff New York.

> Underwriters may have evidence showing the policy language at issue was not meant to cover this situation, but Underwriters has not, to date, presented that evidence. It is sufficient for the Court to say, on the record before it, that it cannot hold, as a matter of law, that Underwriters' policy does not cover the default judgment against Dolloff New Mexico if Dolloff New Mexico is Dolloff New York's alter ego. Finally, at a February 28, 2007 motion hearing in this case, Underwriters' counsel concurred with the Court's analysis that whether the language of the policy provided coverage to Dolloff New York for the judgment against Dolloff New Mexico remained a triable issue. See Transcript of Hearing at 3:4-12 (Court); 6:25-7:1 (Treuer)(taken February 28, 2007).

Summary Judgment Opinion at 29. The Court also emphasizes that its Summary Judgment Opinion

was intended to resolve a motion for summary judgment that Underwriters, not Dolloff New York, filed. It was enough to say that there was no coverage for Dolloff New Mexico under the policy and that there were material issues in dispute regarding whether the policy provided coverage to Dolloff New York.

## II. NANCE MAY NOT HOLD DOLLOFF NEW YORK LIABLE IF HE PROVES DOLLOFF NEW MEXICO WAS AN AGENT OR SUBAGENT OF DOLLOFF NEW YORK.

Nance requests that the Court clarify its opinion "to include that he can hold Dolloff New York liable in this action if he proves that Dolloff New Mexico was an agent or subagent of Dolloff New York." See Motion to Clarify ¶ 4, at 2. Underwriters correctly counters that "[t]he Court has repeatedly affirmed that the underlying judgment bars that type of liability." See Underwriters' Opposition at 2. Nance has litigated Dolloff New York's liability in state court and lost; the New Mexico Court of Appeals has affirmed that result. The Court has previously ruled that Nance may not "attempt to sidestep the state court's ruling under theories such as contribution or indemnification which would cause Dolloff New York to relitigate its liability under the claims for misrepresentation or bad faith." Memorandum Opinion and Order at 22, filed August 23, 2006 (Doc. 73). In its Summary Judgment Opinion, the Court reaffirmed its previous holdings that "Nance can hold Dolloff New York liable in this action, if at all, only under a theory that Dolloff New York was an alter ego of Dolloff New Mexico and therefore liable for the default judgment against Dolloff New Mexico." Summary Judgment Opinion at 26.

## III. THE COURT NEED NOT DECIDE WHETHER DOLLOFF NEW MEXICO'S STATUS AS AN AGENT OR SUB-AGENT OF DOLLOFF NEW YORK WOULD CREATE COVERAGE UNDER THE POLICY.

Underwriters contends that "the issue whether Underwriters' policy would cover Dolloff New

York if it were held liable for the acts of Dolloff New Mexico as an agent is purely hypothetical and irrelevant to this case because Dolloff New York cannot be held liable on that basis." Underwriters' Opposition at 3. Underwriters' asserts, without explanation or reference to any authority, that "[i]f the doctrine of res judicata bars any finding that Dolloff New York is liable because Dolloff New Mexico was its agent, there would be no coverage on that basis also." Id.

In his Crossclaim against Dolloff New York, Nance is attempting to establish that Dolloff New York is the alter-ego of Dolloff New Mexico to hold Dolloff New York liable for the judgment against Dolloff New Mexico. In the action between Nance and Underwriters, Nance is attempting to establish that Underwriters is obligated to indemnify Dolloff New York for a sum it has become legally obligated to pay. Because the Court has already determined Nance cannot hold Dolloff New York liable under theories of vicarious liability, contribution, and indemnification, it is uncertain for what obligation Underwriters would be compelled to indemnify Dolloff New York if Dolloff New York prevails against Nance in the alter-ego trial. Nevertheless, in resolving Underwriters' motion for summary judgment, the Court did not need to decide that issue. In denying summary judgment in part, it was enough for the Court to find that material issues of disputed fact exist regarding whether Dolloff New York was the alter-ego of Dolloff New Mexico, and therefore likely legally responsible for Dolloff New Mexico, and whether, if Dolloff New York was legally responsible for Dolloff New Mexico, the judgment entered against Dolloff New Mexico falls within the scope of the policy that Underwriters issued.

The Court will not clarify its opinion in the manner that Nance requests. In reaching its decision on the motion, the Court carefully considered each of the arguments that Nance references in his motion to clarify and made all of the holdings that the record supported and that were necessary

to resolve the motion. Specifically, the Court will not hold that Nance may hold Dolloff New York liable in this action if he proves that Dolloff New Mexico was an agent or sub-agent of Dolloff New York; both res judicata and the record of this case preclude such a holding.

**IT IS ORDERED** that Nance's Motion to Clarify Order Granting in Part and Denying in Part the Motion for Summary Judgment by Plaintiff Certain Underwriters is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nelson Franse
Lisa Chavez Ortega
Rodey Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

-- and --

Alan H. Barbanel
Stephen D. Treuer
Barbanel & Treuer, P.C.
Los Angeles, California

*Attorneys for the Plaintiff*

Carroll D. Carter III
Richard J. Valle
Carter Law Firm, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant, Counterclaimant, Crossclaimant,
>    and Additional Party Plaintiff Steven Nance*

Pete V. Domenici, Jr.
Lorraine Hollingsworth
Domenici Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Alan R. Jampol
Jampol, Zimet, Skane & Wilcox, LLP
Los Angeles, California

> *Attorney for Additional Party Defendant
>    L.J. Dolloff Associates, Inc.*

Steven J. Vogel
Albuquerque, New Mexico

> *Attorney for Additional Party Defendant
>    L.J. Dolloff Associates of New Mexico, Inc.*