## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

       Plaintiff,

vs.                                    No. CIV 04-0937 JB/RLP

STEVEN NANCE and L.J. DOLLOFF
ASSOCIATES OF NEW MEXICO, INC., a
New Mexico corporation,

       Defendants.

and

STEVEN NANCE,

       Counter, Cross and Additional Party Plaintiff,

v.

CERTAIN UNDERWRITERS AT
UNDERWRITERS, LONDON, SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

       Counterdefendant,

L.J. DOLLOFF ASSOCIATES OF NEW MEXICO, INC.,

       Cross Defendant, and

L.J. DOLLOFF ASSOCIATES, INC.,

       Additional Party Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on: (i) Nance's Motion for Protective Order,

Notice of Nonappearance and Authorities in Support, filed February 7, 2007 (Doc. 116)("Motion for Protective Order"); and (ii) Third Party Defendant L.J. Dolloff & Associates, Inc.'s Motion to Compel the Deposition of Steven Nance, filed February 13, 2007 (Doc. 120)("Motion to Compel"). The Court held a hearing on these motions on April 24, 2007. Because the Court does not believe that the subjects regarding which L.J. Dolloff Associates, Inc. ("Dolloff New York") wishes to depose Steven Nance are relevant to the issues in this case, the Court will grant Nance's motion and deny Dolloff New York's motion.

## FACTUAL BACKGROUND

The Court has detailed the factual and procedural background of this case on multiple occasions. See Memorandum Opinion and Order at 2-11, filed April 23, 2007 (Doc. 152)("Severance Opinion"); Memorandum Opinion and Order at 2-11, filed April 20, 2007 (Doc. 149). The Court will limit its recitation of the facts in this Memorandum Opinion and Order to those directly pertinent to this motion.

On or about December 1997, Simon Heffron, the owner and operator of Fighting Back Training Institute, Inc. ("Fighting Back"), a karate school in Albuquerque, New Mexico, contacted James Gorman, the principal of Dolloff New Mexico, for the purpose of obtaining liability insurance for Fighting Back. Certain Underwriters at Lloyd's, London, Subscribing to Policy Number 501/NB03ACMD ("Underwriters") contends that Heffron paid an initial deposit, and that a temporary insurance contract was issued on December 12, 1997. Underwriters explains that, before the actual insurance policy was issued, the insurance was canceled because of Fighting Back's failure to pay premiums. The temporary contract and the policy that was to be issued both contained coverage exclusions for students that participated in martial arts classes and events, and provided that

students who were involved in martial arts training or competition would need to be covered under a separate accident insurance policy.

In July 1998, Nance sued Fighting Back in New Mexico state court for damages resulting from an injury he suffered on January 20, 1998, while a student at the school. Nance obtained a default judgment against Fighting Back and two individuals in the amount of $751,022.00. Fighting Back ceased doing business, and Nance obtained an assignment of all rights Fighting Back had against all other parties for indemnification and for contribution or on other theories of liability related to Nance's injury.

In May 2003, Nance initiated his first attempt to collect the proceeds of the judgment against Fighting Back, suing Dolloff New York and L.J. Dolloff Associates of New Mexico, Inc. ("Dolloff New Mexico") in state district court. See Nance v. L.J. Dolloff Assocs. of N.M., Inc., No. D-202-CV-200303133 (N.M. Second Jud. Dist. 2003)("Nance - State I"). Nance alleged negligent misrepresentation, unfair insurance practices, and bad faith. Nance alleged that Dolloff New York at all times directed and controlled the activities of Dolloff New Mexico, and that Dolloff New Mexico was the alter ego of and/or the agent of Dolloff New York.

Dolloff New Mexico failed to appear, and, in August 2003, the trial court entered default judgment against it on the issue of liability. The trial court entered a judgment for damages totaling $1,043,286.24 against Dolloff New Mexico on April 27, 2004. Alleging that the suit was barred on statute of limitations grounds, Dolloff New York filed for summary judgment, which the trial court granted after a hearing on the motion. Nance then moved for reconsideration on grounds that fraudulent concealment on the part of Dolloff New York had tolled the statute of limitations. The trial court denied that motion.

-3-

In its defense to Nance's action in Nance - State I, Dolloff New York declined to address the nature of its relationship with Dolloff New Mexico. Dolloff New York characterized that relationship as "immaterial" and indicated that its motion for summary judgment was "limited to the effect of the statute of limitations." Nance - State I, Dolloff New York's Reply to Plaintiff's Response to Motion for Summary Judgment on Statute of Limitations at 5.

Nance appealed the trial court's decisions to grant summary judgment and to deny his motion for reconsideration to the New Mexico Court of Appeals. See Nance v. L.J. Dolloff Assocs., Inc., 2006-NMCA-012, 126 P.3d 1215. In an opinion issued on December 6, 2005, the New Mexico Court of Appeals concluded that the statute of limitations had run on Nance's claims and affirmed the trial court's grant of summary judgment. With regard to its relationship with Dolloff New Mexico, the New Mexico Court of Appeals and Dolloff New York assumed on appeal that Dolloff New York was the alter ego of Dolloff New Mexico. See Nance v. L.J. Dolloff Assocs., Inc., 2006-NMCA-012, ¶ 10, 126 P.3d at 1218 ("We note at the outset that Dolloff New York . . . assumes for purposes of this appeal that Dolloff New Mexico was the alter ego of Dolloff New York.").

Dolloff New York's counsel had knowledge of Nance's cause of action against Dolloff New Mexico, and of Nance's intention to seek a default judgment against Dolloff New Mexico for non-appearance, before the trial court entered the default judgment. See Nance's Response to Dolloff New York's Motion to Compel Deposition of Steven Nance, filed April 11, 2007 (Doc. 143)("Nance's Response"), Exhibit A, Facsimile Transmission from Alan R. Jampol to L. Edward Glass at 1 (dated June 6, 2003)("June 6, 2003 Fax")(acknowledging Nance's lawsuit against Dolloff New Mexico and Nance's intention to seek a default judgment against Dolloff New Mexico). On June 6, 2003, Dolloff New York's counsel, Mr. Alan Jampol, requested a two-week extension to

-4-

confer with Underwriters to determine whether Mr. Jampol's firm would appear on Dolloff New Mexico's behalf. See id. Moreover, in a letter dated June 12, 2003, Nance's counsel formally notified Dolloff New York's counsel that Nance was taking a default against Dolloff New Mexico. See Nance's Response, Exhibit B, Letter from David G. Reynolds to Kenneth L. Harrigan at 1 (dated June 12, 2003).

The parties have not litigated the amount of damages associated with the default judgment against Dolloff New Mexico. Nance advises that he received a settlement check for $145,000.00, which was received and deposited into the Carter Law Firm's trust account, and that he provided a copy of the release he signed based on the settlement to Dolloff New York on or about July 24, 2003. See Nance's Reply in Support of Motion for Protective Order, filed April 11, 2007 (Doc. 141).

## **PROCEDURAL BACKGROUND**

Dolloff New York noticed the deposition of Nance for February 16, 2007, at 10:00 a.m. See Motion to Compel, Exhibit 1, Notice to Take Deposition at 1. Dolloff New York has indicated that the purpose of the deposition is to question Nance "regarding his personal injury and damages claims that form the underlying facts of this lawsuit and testimony on any payments or partial payments that have been received as a result of judgments related to such inquiries and damages." Id. at 2. The Notice states that Nance's deposition "may be used at the trial of this matter and for all other purposes allowed by the [Federal] Rules of Civil Procedure and the [Federal] Rules of Evidence." Id.

On February 7, 2007, Nance filed his Motion for Protective Order and advised that, pursuant to rule 30(b) of the Federal Rules of Civil Procedure, he would not be appearing for the deposition scheduled for February 16, 2007. See Motion for Protective Order ¶ 3, at 1. Nance argues that the

issue in this matter "is a default judgment against Dolloff New Mexico, and the collection of the default claim from Dolloff New York and Lloyd's," and that his "injuries and damages are not at issue in this matter." Id. ¶ 4, at 1-2. Dolloff New York opposes Nance's motion for protective order and requests that, pursuant to rule 37, the Court enter an order compelling Nance to appear to be deposed in this matter. See Motion to Compel at 7.

Before filing their respective motions, counsel for Dolloff New York and for Nance conferred in good faith, and were not able to resolve this matter without the Court's action. See Motion for Protective Order ¶ 9, at 2; Motion to Compel at 1.

## RELEVANT LAW REGARDING DISCOVERY

Discovery under rule 26 of the Federal Rules of Civil Procedure is liberal, allowing parties the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses before trial. See Herbert v. Lando, 441 U.S. 153, 177 (1979)("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). The federal discovery rules are a reflection of courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Rule 37(a)(2)(B) provides that, if a deponent fails to answer a question propounded under the discovery rules, the discovering party may move for an order compelling production. See Fed. R. Civ. P. 33(a)(2)(B). The motion to compel must include a certification that the movant has conferred or attempted to confer with the other party or parties, and made a good faith attempt to

resolve the discovery dispute before requesting the court's intervention. See Lafleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003).

## ANALYSIS

Dolloff New York contends that the factual basis for Nance's injuries and damages are relevant to the amount of damages for which Nance is seeking to hold Dolloff New York legally liable. See Third Party Defendant L.J. Dolloff & Associates, Inc.'s Opposition to Nance's Motion for Protective Order, filed February 13, 2007 (Doc. 119)("Dolloff New York's Response"). Dolloff New York states that it does not have any information upon which to determine if it may have defenses regarding the amount of damages that Nance claims and argues that, to determine if such defenses may exist, the Court should allow Dolloff New York to depose Nance. See  Motion to Compel at 4.

Nance counters that Dolloff New York had notice that a default judgment was being sought against Dolloff New Mexico before the judgment was entered and that Dolloff New York had the opportunity to depose Nance or otherwise question him regarding his claims at that time. See Nance's Response at 5. Nance asserts that Dolloff New York and Underwriters have been aware of the judgment against Dolloff New Mexico from the time it was entered, and have been advised that Nance received a settlement check for $145,000.00 that was deposited in the Carter Law Firm's trust account. See id. Accordingly, Nance concludes that, "[t]o the extent that Dolloff New York believes that it is entitled to a credit for the amount previously paid, it has sufficient knowledge to make this argument without a deposition of Mr. Nance." Id.

The Court agrees that the injuries Nance suffered and information about any compensation he has already received may become relevant in this case if Dolloff New York is determined to be the

-7-

alter ego of Dolloff New Mexico.  The Court has significantly narrowed, however, the issues that will be decided in these proceedings in federal court.  Based on the procedural posture of the case before the Court, the Court does believe that it is the appropriate forum to address the issues upon which Dolloff New York wishes to depose Nance.

On April 23, 2007, the Court issued its Memorandum Opinion and Order severing the trial on the two claims remaining in this case.  <u>See</u> Severance Opinion.  First, the Court will conduct a bench trial to determine whether Dolloff New York is the alter ego of Dolloff New Mexico.  Second, the Court will conduct a jury trial to determine whether there is coverage for Dolloff New York under the liability insurance policy that Underwriters issued.  At the hearing on this motion, Nance's counsel represented that he was not inclined to call Nance as a witness at either trial.  <u>See</u> Transcript of Hearing at 5:1-2 (Valle)(taken April 24, 2007)("Transcript").[1]

The Court does not see how the amount of damages that Nance may have suffered is relevant to either of those issues.  Irrespective of the amount of Nance's damages -- whether it be $1.00 or $10,000,000.00 -- the Court's analysis regarding whether Dolloff New York is the alter ego of Dolloff New Mexico and issues related to whether the policy language covers the circumstances of this case will be unaffected.  The Court does not intend to enter a judgment with a dollar amount in this case, but rather declaratory judgment.  At the hearing on this motion, Nance acknowledged his understanding of the Court's intent and agreed it was the correct approach.  <u>See id.</u> at 17:8-13 (Valle).

The Court recognizes that, if Dolloff New York is ruled to be the alter ego of Dolloff New

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Mexico and a declaratory judgment is entered stating that there is coverage under the policy, Nance will likely attempt to use those judgments to collect on the default judgment that the state court entered against Dolloff New Mexico.[2]  At that point in the proceedings, however, arguments related to issues distinct from those currently facing the Court may become relevant.

Information related to the nature of Nance's injuries and any payments that Nance has already received, for example, would be important for Dolloff New York to determine whether it has any defenses to Nance's damages claims or whether it is entitled to any credits or set-offs against such claims.  The parties may also choose to argue whether the state court's earlier proceedings have any preclusive effect -- through doctrines such as res judicata or collateral estoppel -- on Nance's renewed attempt to collect on the default judgment against Dolloff New Mexico.  While the Court acknowledges the pertinence of these questions, and Dolloff New York's potential need to depose Nance should these questions arise, it does not believe that Dolloff New York has the need to depose Nance to defend itself in relation to the issues that remain in this case.

The issues with which Dolloff New York is concerned may or may not arise.  More important, if they do arise, the Court believes that the state court is the appropriate forum to interpret state law related to the impact of a default judgment and preclusion doctrines.  The Court believes that it would be inappropriate to subject the parties to the burden and expense of discovery that may prove unnecessary, and which, should it become necessary, would be more properly managed in state court.

_____

[2]Nance's original action against Dolloff New York and Dolloff New Mexico, in which the default judgment was entered against Dolloff New Mexico and a judgment on the basis of the expired statute of limitations was entered on Dolloff New York's behalf, has been consolidated with Nance's state declaratory action against Underwriters.  See Nance v. L.J. Dolloff Assocs. of N.M., Inc., No. D-202-CV-200303133 (N.M. Second Jud. Dist. 2003).  The state court has stayed proceedings in that case pending the Court's resolution of this case.

The Court also notes that, at the hearing on this motion, counsel for both Dolloff New York and Underwriters indicated that, given the manner in which the Court had limited the issues at play in this case, granting Nance's request for a protective order was appropriate at this time.  <u>See</u> Transcript at 7:6-7 (Domenici); 14:6-12 (Barbanel).  Dolloff New York's counsel also agreed with the Court that the state court might be the best forum to litigate remaining issues related to preclusion doctrines. <u>See</u> <u>id.</u> at 12:13-18 (Jampol).

Finally, Nance contends that Dolloff New York is trying to harass him.  <u>See</u> Motion for Protective Order ¶ 5, at 2.  The Court need not decide what Dolloff New York's intent in setting the deposition is.  It is sufficient for the Court to find that, at this point in the proceedings, it would be inappropriate to subject the parties to the burden and expense of discovery that may prove unnecessary, and which, should it become necessary, would be more properly managed in state court.

**IT IS ORDERED** that Nance's Motion for Protective Order is granted.  Dolloff New York's motion to compel Nance's deposition is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nelson Franse
Lisa Chavez Ortega
Rodey Dickason, Sloan, Akin
   & Robb, P.A.
Albuquerque, New Mexico

-- and --

Alan H. Barbanel
Stephen D. Treuer
Barbanel & Treuer, P.C.
Los Angeles, California

    *Attorneys for the Plaintiff*

Carroll D. Carter III
Richard J. Valle
Carter Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant, Counterclaimant, Crossclaimant,*
      *and Additional Party Plaintiff Steven Nance*

Pete V. Domenici, Jr.
Lorraine Hollingsworth
Domenici Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Alan R. Jampol
Jampol, Zimet, Skane & Wilcox, LLP
Los Angeles, California

-- and --

Steven J. Vogel
Albuquerque, New Mexico

    *Attorney for Additional Party Defendant*
      *L.J. Dolloff Associates, Inc.*