IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

      Plaintiff,

vs.   No. CIV-04-0937 JB/RLP

STEVEN NANCE AND L.J. DOLLOFF
ASSOCIATES OF NEW MEXICO, INC., a
New Mexico Corporation,

      Defendants.

STEVEN NANCE,

      Counterplaintiff, Crossplaintiff, and Additional Party Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
UNDERWRITERS, LONDON, SUBSCRIBING TO
POLICY NUMBER 501/NB03ACMD,

      Counterdefendant,

L.J. DOLLOFF ASSOCIATES OF NEW MEXICO, INC.,

      Cross Defendant, and

L.J. DOLLOFF ASSOCIATES, INC.,

      Additional Party Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on: (i) the Third Party Defendant L. J. Dolloff & Associates, Inc. Motion for Summary Judgment and Memorandum in Support, filed March 15, 2007 (Doc. 127)("Dolloff New York's Summary Judgment Motion"); and (ii) the Corrected Motion by

Nance for Partial Summary Judgment as to Alter Ego Claim, filed March 23, 2007 (Doc. 134)("Nance's Summary Judgment Motion"). The Court held a hearing on these motions on April 24, 2007. The primary issues are: (i) whether the statute of limitations bars Steven Nance's Crossclaim for declaratory relief against L.J. Dolloff Associates, Inc. ("Dolloff New York"); and (ii) whether material factual issues remain in dispute regarding whether Dolloff New York is the alter ego of L.J. Dolloff Associates of New Mexico, Inc. ("Dolloff New Mexico"). For reasons stated on the record at the hearing on this motion, for reasons consistent therewith, and because the Court believes that dispositive factual issues remain in dispute thereby precluding the Court from entering judgment as a matter of law, the Court will deny the parties' motions.

## PROCEDURAL BACKGROUND

The Court has detailed the factual and procedural background of this case on multiple occasions. See Memorandum Opinion and Order at 2-11, filed April 23, 2007 (Doc. 152)("Severance Opinion"); Memorandum Opinion and Order at 2-11, filed April 20, 2007 (Doc. 149). The Court will limit its recitation of the factual and procedural background in this Memorandum Opinion and Order to those directly pertinent to this motion.

On April 23, 2007, the Court granted Dolloff New York's motion to sever the trial of Nance's Crossclaim against it, from the trial of the claims between Nance and Certain Underwriters at Lloyd's, London, Subscribing to Policy No. 501/NB03ACMD. See Severance Opinion. First, the Court will conduct a bench trial to determine whether Dolloff New York is the alter ego of Dolloff New Mexico.[1] Second, the Court will conduct a jury trial to determine whether there is coverage for Dolloff New York under the liability insurance policy that Underwriters issued.

---

[1] The Court has set a firm trial date for the trial of the alter ego issue for May 29, 2007.

Dolloff New York filed its motion for summary judgment on Nance's alter ego claim on March 15, 2007. In its statement of material facts included in its Motion for Summary Judgment, Dolloff New York listed material facts related to the insurance coverage dispute between the parties and documenting the parties' state-court litigation history; Dolloff New York did not include any facts related to the business relationship between itself and Dolloff New Mexico. See Dolloff New York's Summary Judgment Motion at 3-8. In its motion, Dolloff New York's legal argument was limited to its contention that the statute of limitations bars Nance's alter ego claim. See id. at 8-19.

Nance filed his Summary Judgment Motion on March 23, 2007. In his statement of material facts, Nance enumerates a number of facts related to the business relationship and operations of the two Dolloff entities. See Nance's Summary Judgment Motion at 2-4. In its response to Nance's Summary Judgment Motion, Dolloff New York contested the factual basis and the relevance of many of Nance's asserted facts. See Opposition of Third Party Defendant L.J. Dolloff & Associates, Inc. to Motion of Third Party Plaintiff Steven Nance for Partial Summary Judgment at 5-8, filed April 11, 2007 (Doc. 140).

## ANALYSIS

Dolloff New York's principal argument is that the statute of limitations applicable to Nance's alter ego action is the period applicable to the substantive claims Nance asserted against Dolloff New York in state court: (i) negligent misrepresentation; (ii) breach of contract; (iii) unfair insurance practices; and (iv) bad faith. See Dolloff New York's Summary Judgment Motion at 10 (citing Nance v. L.J. Dolloff Assocs., Inc., 2006-NMCA-012, ¶ 7, 126 P.3d 1215, 1217). Dolloff New York contends not only that the statute of limitations applicable to these claims has expired, but also that the New Mexico Court of Appeals has already ruled that these limitations periods have expired and

therefore collateral estoppel bars Nance's attempt to argue that the statute of limitations are not expired.  See Dolloff New York's Summary Judgment Motion at 12-13.

While the Court has precluded Nance from attempting to relitigate the issue of liability against Dolloff New York, the Court has already ruled that collateral estoppel does not dictate any finding regarding whether Dolloff New York is the alter ego of Dolloff New Mexico.  See Memorandum Opinion and Order at 24, filed August 23, 2006 (Doc. 73)(holding that collateral estoppel did not bar Nance's Crossclaim against Dolloff New York and concluding that, "because Nance - State I was decided on summary judgment, the legal issue of liability was necessarily determined, but the factual issue whether Dolloff New Mexico was the alter ego or agent of Dolloff New York was not decided")(emphasis in original).  Moreover, the Court emphasizes that the operative issues it needs to address in this case for declaratory relief -- a case that Underwriters, and not Nance, originated -- are whether the judgment entered against Dolloff New Mexico is a judgment against Dolloff New York and whether the policy Underwriters issued covers that judgment.  Accordingly, in the case before the Court, Dolloff New York's status as a potential alter ego of Dolloff New Mexico is an issue the Court must resolve to reach a finding on the cause of action that Underwriters raises.  The Court need not, and should not, re-examine the merits of the underlying action which the state court has managed to its conclusion.

The Court understands that collateral estoppel is issue preclusion, but the Court has determined that collateral estoppel is not applicable to this case.  On the other hand, statutes of limitations relate not to issues, but to causes of action.  See N.M. Stat. Ann. § 37-1-8 (providing that "[a]ctions . . . for an injury to the person" must be brought within three years)(emphasis added); N.M. Stat. Ann. § 37-1-23(B) (providing that "[e]very claim [for contractual liability] permitted by this

section shall be forever barred unless brought within two years from the time of accrual")(emphasis added). The Court agrees with Dolloff New York that, consistent with the New Mexico Court of Appeals' holding in Nance's state action, res judicata bars Nance's substantive liability claims against Dolloff New York. Nevertheless, consistent with the Court's own rulings in this case, the Court believes that Nance's current action is distinct from those earlier claims, and that his Crossclaim against Dolloff New York can more properly be analogized to an effort to collect upon a judgment -- an action for which New Mexico provides a fourteen-year statute of limitations. See N.M. Stat. Ann. § 37-1-2.

Dolloff New York argues that N.M. Stat. Ann. § 37-1-2 is inapplicable, because Nance is attempting to collect a judgment against a party who is not the judgment debtor. See Transcript of Hearing at 30:9-11 (Jampol)(taken April 24, 2007)("Transcript").[2] The flaw in Dolloff New York's argument, however, is that, if Dolloff New York is the alter ego of Dolloff New Mexico, Dolloff New York may actually be the judgment debtor. The Court agrees with Dolloff New York that the New Mexico Court of Appeals ruled that the statute of limitations bars all claims for a new liability judgment against Dolloff New York; the Court of Appeals' decision did not, however, prohibit Nance from taking further action to collect the judgment he had already been awarded. Indeed, with respect to an action to collect against the existing judgment debtor, Dolloff New York admits that Nance is "free to do what he wants." Id. at 31:12-13 (Jampol).

Because the Court finds that the statute of limitations does not bar Nance's alter ego Crossclaim, the Court must consider whether there are genuine issues of material fact precluding

---

[2]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

summary judgment as a matter of law. Nance contends that the record is sufficient for the Court to determine that Dolloff New York is the alter ego of Dolloff New Mexico as a matter of law, without a trial.

At the hearing on his motion, however, Nance conceded that the alter ego trial would likely involve testimony from Lawrence Dolloff, explaining or interpreting documentary evidence. See id. at 37:24-38:5 (Valle). Dolloff New York's counsel also indicated that, in addition to Mr. Dolloff, Dolloff New York would likely present testimony of two experts. See id. at 40:10-16 (Jampol).

The Court believes that, based on its knowledge of the procedural history in this case, the parties' presentations at the April 24, 2007 hearing, and on the disagreements Dolloff New York raised with respect to material facts in its response to Nance's Summary Judgment Motion, there are genuine issues of material fact remaining in dispute with respect to Nance's alter ego claim. Moreover, the parties have indicated that they will likely call witnesses whose testimony the Court may have to hear and whose credibility the Court may have to weigh to reach its decision in this matter. In light of the procedural posture of this case and the parties' representations about how the trial will proceed, the Court does not believe that summary judgment is appropriate.

In sum, the Court does not believe that the statute of limitations bars Nance's Crossclaim against Dolloff New York and finds that, based on the record before it, genuine issues of material fact remain in dispute. For reasons stated on the record at the time of the April 24, 2007 hearing, for reasons consistent therewith, and for the reasons articulated in this Memorandum Opinion and Order, the Court will not grant summary judgment on the alter ego claim.

**IT IS ORDERED** that the Third Party Defendant L. J. Dolloff & Associates, Inc. Motion for Summary Judgment and Memorandum in Support is denied. The Corrected Motion by Nance

for Partial Summary Judgment as to Alter Ego Claim is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nelson Franse
Lisa Chavez Ortega
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

-- and --

Alan H. Barbanel
Stephen D. Treuer
Barbanel & Treuer, P.C.
Los Angeles, California

   *Attorneys for the Plaintiff*

Carroll D. Carter III
Richard J. Valle
Carter Law Firm, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant, Counterclaimant, Crossclaimant,*
     *and Additional Party Plaintiff Steven Nance*

Pete V. Domenici, Jr.
Lorraine Hollingsworth
Domenici Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Alan R. Jampol
Jampol, Zimet, Skane & Wilcox, LLP
Los Angeles, California

-- and –

Steven J. Vogel
Albuquerque, New Mexico

> *Attorney for Additional Party Defendant
>    L.J. Dolloff Associates, Inc.*